UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 07-20634-CIV-MORENO

AVI Y. SHENKAR and MARAT SIRELSON,

    Plaintiffs,

vs.

MONEY WAREHOUSE, INC., YURI VOLIN,
and RK ASSOCIATES, #1, INC.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

Before the Court is Plaintiffs' Motion to Remand the Case to the Eleventh Judicial District in and for Miami Dade County, Florida **(D.E. No. 4)**, filed on **March 27, 2007**. This case was removed based on diversity of citizenship between the parties. Defendants claim that one of the defending parties was fraudulently joined and is thus not properly considered by the Court when determining diversity jurisdiction. The party at issue is Florida-based "17070 Collins Avenue Shopping Center, Ltd.," d/b/a "RK Associates." The Plaintiffs improperly named and sued "RK Associates #1." As stated below, Defendants have not met the heavy burden of proving fraudulent joinder, and this case is now remanded to state court.

## I. BACKGROUND

Defendant Money Warehouse, Inc. ("MWI") is a Pennsylvania mortgage broker and bank. Defendant Yuri Volin is the owner and CEO of MWI and is a resident of Pennsylvania. Plaintiffs are residents of Florida who managed MWI's Sunny Isles branch pursuant to the terms of a Joint

Venture Agreement dated January 22, 2004.  The agreement was terminated on or about February 1, 2007 – either when Plaintiffs made it clear that they intended to leave MWI, as Defendants allege, or by breach and without good cause, as Plaintiffs allege.

Plaintiffs filed this lawsuit on February 12, 2007.  They attempted to sue the landlord of their MWI branch office as the third defendant, but there is a dispute over the correct name of the defendant and whether it was properly joined.  Plaintiffs name the third defendant as RK Associates #1 ("RK#1"), a Florida Corporation.  Defendants claim that MWI's Sunny Isles landlord is actually 17070 Collins Avenue Shopping Center, Ltd. ("Collins"), a Florida Limited Partnership, doing business under the fictitious name RK Associates.  Pertinent to the jurisdictional issue at hand, Plaintiffs' Count V alleges unlawful ouster or ejectment by Defendants due to the termination of the agreement and the removal of Plaintiffs from the MWI Sunny Isles branch premises, Count VI is for unlawful eviction against RK#1, and Count VII is for conversion against MWI and RK#1.

## II.  STANDARD OF LAW

Removal statutes are strictly construed, and there is a presumption in favor of remand.  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999).  Where a plaintiff objects to a defendant's petition for removal, the removing party bears the burden of establishing jurisdiction, and "the burden is a heavy one."  Pacheco de Perez v. AT&T Co., 139 F.3d 1368, 1373 (11th Cir. 1998).  Factual allegations are viewed in the light most favorable to the plaintiffs.  Id. at 1380.

Diversity jurisdiction requires complete diversity.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1355 (11th Cir. 1996).  However, the doctrine of fraudulent joinder provides an exception to this requirement.  Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998).  A non-

diverse defendant who is fraudulently joined does not defeat diversity because his citizenship is excluded from the diversity calculus. Riley v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 292 F.3d 1334, 1337 (11th Cir. 2002). Under the fraudulent joinder theory, the defendants must prove by clear and convincing evidence that "there is no possibility the plaintiffs can establish a cause of action" against the allegedly fraudulently joined defendant. Henderson v. Wash. Nat'l Ins. Co., 454 F.3d 1278, 1281 (11th Cir. 2006).

Diversity jurisdiction also requires that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(3). The removing party must show this by a preponderance of the evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). In determining whether the amount in controversy is satisfied, "a district court may properly consider post-removal evidence." Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000).

### III. DISCUSSION

Defendants first argue that this Court should retain jurisdiction because Plaintiffs sued the wrong party. The Court is unconvinced by this argument and declines to follow the Fifth Circuit case cited by Defendants for this proposition: Jernigan v. Ashland Oil, Inc. 989 F.2d 812 (5th Cir. 1993). Plaintiffs sued RK Associates #1, while MWI held a lease to the property in question with RK Associates (Collins' fictitious name). RK#1 later filed a Motion to Dismiss in which it also confirms that MWI's landlord was Collins, d/b/a RK Associates.[1] (D.E. No. 7, at ¶ 4.) The court notes that RK#1 is represented by MWI's counsel and that it essentially rehashes the same arguments made by MWI in its prior filings.

---

[1] The Court finds that RK#1 joined in the removal petition. However, this is irrelevant to the outcome set forth in this order.

Removal and the exercise of diversity jurisdiction are not merited simply because Plaintiffs incorrectly sued RK Associates #1 instead of RK Associates. The party Plaintiffs sued and the party Plaintiffs intended to sue are both Florida citizens. Plaintiffs still succeed in defeating diversity jurisdiction. Defendants claim that the fact that Plaintiffs sued the wrong party as landlord constitutes fraudulent joinder, but at best this act constitutes a mistake. The fact that a plaintiff may have mistakenly sued the wrong party is a substantive defense to the merits of the claim, not an issue that bears on the existence of diversity jurisdiction. <u>Destefano v. Home Shopping Network, Inc.</u>, No. 805CV1299T23MSS, 2006 WL 539542, at *2 (M.D. Fla. March 6, 2006). Therefore, the Court declines to find fraudulent joinder on this ground.

Defendants next argue that Plaintiffs do not have a viable claim against the landlord RK Associates. However, Plaintiffs allege, and Defendants do not dispute, that security guards threw Plaintiffs off the property and that RK Associates and MWI changed the locks on the bank branch's office doors. Furthermore, Plaintiffs allege conversion of their remaining personal property by RK Associates and MWI after they were escorted from the premises. Judging from the record, the Court finds that there is a **possibility** that Plaintiffs can establish a cause of action against the resident defendant. <u>Triggs</u>, 154 F.3d at 1287. At the very least, Plaintiffs have a possibility of stating a viable cause of action against the landlord RK Associates for conversion of their equipment and for unlawful ejectment. Defendants themselves note that joinder is deemed legitimate when such possibility exists.

Defendants also argue that Plaintiffs were not a party to the lease and therefore do not have a landlord-tenant relationship with RK Associates. The Court concedes that Plaintiffs may not be able to recover under the lease per se, but it need not decide that issue here. Lessors like RK

Associates, not lessees like MWI, typically change locks on their own property or at least require permission to do so.  See, e.g., 4 Florida Jur. Forms Legal & Bus. § 16A:53, at III.(f) (generic commercial lease form stating that, "No locks shall be changed without the prior written consent of Lessor…."). If Plaintiffs have or had personal property remaining on the premises, and RK Associates aided MWI in preventing Plaintiffs from reacquiring that property, then it seems plain that Plaintiffs have alleged a legal harm against the landlord.  Because the Court finds that Defendants cannot foreclose the possibility of a claim against RK Associates, Defendants also cannot prove fraudulent joinder on this ground.

Finally, the Court addresses the amount in controversy issue.  While Defendants only provide a cursory argument that the amount in controversy requirement is met for federal subject matter jurisdiction (Notice of Removal, at ¶ 14), Plaintiffs' suit raises seven different counts, including breach of contract, slander and conversion.  Therefore, it seems clear to the Court that damages would exceed $75,000 if Plaintiffs were successful on all counts.  However, Defendants still have not met their heavy burden of establishing complete diversity so that this Court may exercise jurisdiction.

Accordingly, Plaintiffs' Motion is **GRANTED** and the case shall be remanded to state court. The Clerk of the Court is ordered to transfer this case and the court file to the Circuit Court for the Eleventh Judicial Circuit in and for Miami Dade County, Florida.  The Clerk shall close the case. Further, all pending motions are **DENIED** as moot.  It is further

**ADJUDGED** that Plaintiffs' request for costs, expenses and attorney's fees is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 15 day of October, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record